# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ACKERMAN MCQUEEN, INC., *et al.*, | ) | |
| | ) | |
| Movants, | ) | |
| | ) | |
| v. | ) | Case Nos.   MC-20-0008-PRW |
| | ) | & |
| NATIONAL RIFLE ASSOCIATION OF AMERICA, *et al.*, | ) | MC-20-0009-PRW |
| | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

The National Rifle Association of America (the "NRA") sued Ackerman McQueen, Inc. and others in the United States District Court for the Northern District of Texas. After the NRA served subpoenas on various nonparty entities in this district, movants filed motions to quash pursuant to Rule 45(d)(3), or, in the alternative, to transfer the motions to the Northern District of Texas pursuant to Rule 45(f). Movants claim that the subpoenas are overbroad and unduly burdensome, seek irrelevant information, and seek highly confidential information in violation of the protective order entered in the underlying case.

Rule 45(f) authorizes this Court to transfer a subpoena-related motion in "exceptional circumstances" in order to "avoid disrupting the issuing court's management of the underlying litigation,"[1] such as when the issues presented are "clearly intertwined"

---

[1] Advisory Committee Notes to Fed. R. Civ. P. 45(f) (2013).

with nuanced issues already ruled on or pending in the underlying litigation.[2] In these motions, the primary issues appear to be clearly intertwined with nuanced questions of relevance or highly confidential information already before the Northern District of Texas. That court's familiarity with such issues places it in the "superior position to resolve subpoena-related motions" without disrupting the underlying litigation.[3] Therefore, this Court concludes that these cases and motions to quash present exceptional circumstances within the meaning of Rule 45(f).

Accordingly, Movants' motions to transfer are **GRANTED**, the motions to quash in both cases are **TRANSFERRED** to the underlying case in the United States District Court for the Northern District of Texas, and the hearings scheduled in these cases for September 2, 2021, are **STRICKEN**.

**IT IS SO ORDERED** this 1st day of September 2021.

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[2] *Valle del Sol, Inc. v. Kobach*, 2014 WL 3818490, at *3 (D. Kan. Aug. 4, 2014), (citing Rule 45(f) and Advisory Committee Notes to Rule 45(f)).

[3] *Weddle v. Williams*, 2019 WL 1620815, at *5 (D. Colo. April 15, 2019) (quoting Advisory Committee Notes to Rule 45(f))